GRIFFIN, J.
 

 Appellant, Stephen Belcher, entered a no contest plea to the charge of possession of a weapon on school property in violation of section 790.115(2), Florida Statutes (2009), reserving the right to appeal the denial of his motion to dismiss the charge. Appellant argues that the charges against him should have been dismissed because the undisputed facts do not establish a
 
 prima facie
 
 case.
 

 Appellant was previously charged with aggravated assault with a weapon. After he entered a plea, adjudication was withheld and Appellant was placed on probation. A condition of Appellant’s probation required that Appellant not possess any weapons.
 

 Appellant was a teacher at a local high school. On April 2, 2009, responding to a well-being check on Appellant, deputies from the Volusia County Sheriffs Office went to the high school where Appellant worked. Appellant allowed the sheriffs deputy to search his vehicle and two rifles encased in a gun case and secured inside a locked tool box in the bed of his truck were found. Appellant was arrested for possessing firearms and ammunition on school property and for violation of probation.
 

 Appellant filed a motion to dismiss the possession charge. He asserted that, under Florida law, it is lawful for a person to possess a firearm in a private conveyance if the weapon is securely encased and not immediately available. After a hearing on Appellant’s motion to dismiss, the trial
 
 *539
 
 court denied the motion because Appellant was on probation and not permitted to possess any weapons. Appellant then entered a plea of
 
 nolo contendere
 
 to possession of a weapon on school property, reserving his right to appeal the denial of his motion to dismiss.
 

 Section 790.115(2)(a), Florida Statutes (2009), makes it a felony to possess a firearm on the grounds of any school, with exceptions. Specifically, section 790.115(2)(a), Florida Statutes provides in part:
 

 (2)(a) A person shall not possess any firearm, electric weapon or device, destructive device, or other weapon as defined in s. 790.001(13), including a razor blade or box cutter, except as authorized in support of school-sanctioned activities, at a school-sponsored event or on the property of any school, school bus, or school bus stop; however, a person may carry a firearm:
 

 [[Image here]]
 

 3. In a vehicle pursuant to s. 790.25(5); except that school districts may adopt written and published policies that waive the exception in this subparagraph for purposes of student and campus parking privileges.
 

 Subsection 3. provides an exception where the firearm is carried in a vehicle pursuant to section 790.25(5). The basis of Appellant’s motion to dismiss was this exception. Section 790.25 concerns the “lawful ownership, possession, and use of firearms and other weapons.” Subsection (5) permits the possession of a securely encased firearm in a vehicle:
 

 (5) Possession in private conveyance.— Notwithstanding subsection (2), it is lawful and is not a violation of s. 790.01 for a person 18 years of age or older to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use. Nothing herein contained prohibits the carrying of a legal firearm other than a handgun anywhere in a private conveyance when such firearm is being carried for a lawful use. Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person. This subsection shall be liberally construed in favor of the lawful use, ownership, and possession of firearms and other weapons, including lawful self-defense as provided in s. 776.012.
 

 § 790.25(5), Fla. Stat. (2009).
 

 It is the State’s position that a person on probation for aggravated assault does not have a “lawful use” for a firearm if he was specifically prohibited from possessing a firearm as a condition of probation. We agree. Black’s Law Dictionary defines “lawful” as “legal; warranted or authorized by ‘law’ having the qualifications prescribed by law; not contrary to nor forbidden by law; not illegal.” Black’s Law Dictionary 885 (6th ed. 1990). Appellant could not have had any lawful purpose for possessing firearms because his right to remain at liberty as a probationer was conditioned on his not possessing any weapon.
 

 AFFIRMED.
 

 TORPY and LAWSON, JJ., concur.